# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 19, 2023

Lyle W. Cayce
Clerk

No. 22-50955

———————————

Nancy Santana,

*Plaintiff—Appellant*,

*versus*

Christine Wormuth, *Secretary U.S. Department of the Army*,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:21-CV-745

———————————————————————

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

This employment dispute between Plaintiff-Appellant Nancy Santana and the U.S. Army, her former employer, was first brought before the Equal Employment Opportunity Commission (EEOC). Santana now challenges the district court's holding that her appeal from the ruling of an Administrative Judge (AJ) is untimely. Santana had 30 days from a "final [agency] action or decision" to appeal. 29 C.F.R. §1614.402(a). An AJ's decision becomes final

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50955

agency action if the agency fails to act within "40 days of receipt" of that decision. 29 C.F.R. §1614.110.

The parties dispute when the clock began to run under 29 C.F.R. §1614.110. The AJ's decision was issued on January 8, 2020 and was available to all parties through an online portal that day. The Army takes the position that the EEOC received that decision on January 8, 2020, and thus had 40 days from then to act before the AJ's decision became final agency action. Santana notes, however, that she did not receive access to that online portal until January 13, 2020. She thus contends that the clock for the AJ's decision to become a final agency action did not start to run until that date.

Reviewing this matter *de novo*, we affirm the district court. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 734 (5th Cir. 2019). The provision in question, 29 C.F.R. §1614.110, pertains to when an AJ's decision becomes final agency action. That process specifically hinges on the *agency's* failure to act. The provision's text as a whole—when read in context and with common sense—dictates that "receipt of the administrative judge's decision" refers to the agency's receipt. *See Reed v. Taylor*, 923 F.3d 411, 415 (5th Cir. 2019). The EEOC's ability to act on the AJ's decision is not impacted by when Santana received that decision. The AJ's decision became a final agency action on February 18, 2020. By not filing her appeal to the district court until March 25, 2020—36 days later—Santana missed her deadline. *See* 29 C.F.R. §1614.402(a).

Santana argues for estoppel on the basis of good faith, diligence, and the COVID-19 pandemic. It is true that Santana discussed her good faith cooperation and diligence at the district court, but she did not discuss the impact of the pandemic in her briefing there. Santana's argument regarding her ability to file during the pandemic is plausible given the relevant time frame, but the record provides no specific indication of how Santana was

affected. We therefore decline to address it in the first instance as waived. *See Est. of Duncan v. Comm'r of Internal Revenue*, 890 F.3d 192, 202 (5th Cir. 2018).

The district court's judgment is AFFIRMED.